The Kantrow Law Group, PLLC
Attorneys for Admiral Property Group LLC
6901 Jericho Turnpike, Suite 230
Syosset, New York 11791
516 703 3672
fkantrow@thekantrowlawgroup.com
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:                                                                    Chapter 11
                                                                                  Case No. 20-42826-nhl
ADMIRAL PROPERTY GROUP LLC,

                        Debtor.
---------------------------------------------------------------X

### DEBTOR'S OBJECTION TO FINAL APPLICATION
### FOR COMPENSATION FILED BY
### ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK, P.C.

TO:    HON. NANCY HERSHEY LORD
         UNITED STATES BANKRUPTCY JUDGE

Admiral Property Group LLC, the debtor and debtor-in-possession in this chapter 11 case (the "Debtor") by and through its counsel, The Kantrow Law Group, PLLC, respectfully submits this as and for its objection (the "Objection") to the application (the "Application") for compensation filed by Robinson Brog Leinwand Greene Genovese & Gluck, P.C. ("Robinson Brog"), former counsel to the Debtor, and states as follows:

### BACKGROUND

1.    On July 31, 2020, petitioning creditors filed an involuntary bankruptcy against the Debtor. On September 8, 2020, the Court entered the Order for relief. No official committee, trustee or examiner has been appointed in this case.

2.    On September 18, 2020, Robinson Brog filed an application seeking the entry of an Order authorizing the Debtor to retain it as counsel to the Debtor. In that retention application, Robinson Brog did not disclose any prior representation of David Goldwasser ("Goldwasser"), or

GC Realty Advisors LLC ("GCRE") alleged to be the Debtor's manager. A copy of Robinson Brog's September 18, 2020, application is annexed hereto as Exhibit "A."

3. On September 30, 2020, Robinson Brog filed a declaration singed by Fred B. Ringel (the "Ringel Declaration"), a member of Robinson Brog, offered in further support of its application seeking entry of an Order authorizing the Debtor's retention of it as counsel to the Debtor. The Ringel Declaration set out Robinson Brog's prior relationships with Goldwasser and/or GCRE. It was disclosed to the Court that Robinson Brog served as counsel to various debtors in which GCRE and or Goldwasser served as either the manager, managing member or president. A copy of the Ringel Declaration is annexed hereto as Exhibit "B."

4. By Order dated November 1, 2020, entered without objection from the United States Trustee, the Court granted the Debtor's application to retain Robinson Brog. A copy of the November 1, 2020, Order is annexed hereto as Exhibit "C."

5. On April 19, 2021, the Debtor filed an emergency application seeking the entry of an Order to conduct a hearing on an expedited basis to consider an application to retain The Kantrow Law Group, PLLC ("Kantrow") as counsel to the Debtor. The Debtor dismissed Robinson Brog having determined that Robinson Brog no longer served the interests of the Debtor. The Debtor averred that Robinson Brog took its directives not from the Debtor and its principal, Peter Evangelista ("Evangelista") but rather from Goldwasser.

6. On May 21, 2021, the Court entered an Order authorizing the Debtor to retain The Kantrow Law Group, PLLC, as counsel.

## THE ROBINSON BROG FEE APPLICATION

7. On July 20, 2021, Robinson Brog filed its application seeking the entry of an Order awarding compensation and reimbursement of expenses. A copy of the fee application (the "Fee

Application") is annexed hereto as Exhibit "D." The Debtor announced its intention to object to the Fee Application in its disclosure statement (the "Disclosure Statement"). The Debtor set forth what it believed to be the basis for such an objection. In essence, the Debtor stated that Robinson Brog is not entitled to an award of compensation because of an inherent conflict which precludes this Court for awarding compensation.

## THE DEBTOR'S OBJECTION

8. Section 327(a) of title 11 of the United States Code (the "Bankruptcy Code") imposes two requirements on a debtor in possession seeking to employ counsel: (i) that the attorney does not hold or represent an interest adverse to the estate and (ii) that the attorney is disinterested. *See, e.g., In re Leslie Fay Companies, Inc.,* 175 B.R. 525, 531 (Bankr. S.D.N.Y. 1994). Relevant to retention under section 327(a) of the Bankruptcy Code, the term disinterested is defined under section 101(14)(C) as not having an interest materially adverse to the interest of the estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, of for any other reason. *11 U.S.C. § 101(14).*

9. "The requirements of section 327 cannot be taken lightly, for they serve the important policy of ensuring that all professionals appointed pursuant to section 327 tender undivided loyalty and provide untainted advice and assistance in furtherance of their fiduciary responsibilities." *Rome v. Braunstein,* 19 F.3d 54, 58 (1st Cir. 1994). "Once counsel is employed, a lawyer owes his allegiance to the entity and not the stockholder, director, officer, employee, representative or other person connected with the entity." *In re Grabill Corp.,* 113 B.R. 966, 970 (Bankr. N.D. Ill. 1990). "Concern with the proper attention to fiduciary obligation has prompted a major treatise on bankruptcy to observe that section 327's standards 'are to be rigidly applied.'" *In re Leslie Fay Companies, Inc.,* 175 B.R. at 532.

10. While the Bankruptcy Code does not define what constitutes an adverse interest, interests are not adverse simply because one may conceive of circumstances where the interest may clash. *See, e.g., Id.* However, potential conflicts may well prove to be fatal to the allowance of retention and/or compensation. As Judge Shelley C. Chapman stated in *In re GSC Group, Inc.,* "the central and abiding lesson of Leslie Fay – that it is the Bankruptcy Court and not the retained professional who is empowered to police the line between disclosure and non-disclosure – is dispositive of the unfortunate case before the Court." *In re CSG Group, Inc,* 502 B.R. 673, 682 (Bankr. S.D.N.Y. 2013).

11. Here, Robinson Brog moved for retention and failed to disclose its prior relationship with both Goldwasser and GCRE. While the Ringel Declaration provided the Court with more information than originally offered, the Ringel Declaration did not go far enough. The Ringel Declaration provided both the Court and the United States Trustee with a list of cases in which it represented debtors with ties to either Goldwasser and/or GCRE. Goldwasser's role, known to Robinson Brog from the inception of the bankruptcy case, was never disclosed to this Court. Instead, Robinson Brog offered "explanations" of how Goldwasser was involved in the case and further offered explanations that everyone knew of the relationship. Robinson Brog explained that Goldwasser testified during the course of the section 341 meeting of creditors, on behalf of the Debtor – thus, concluding that the United States Trustee knew of the relationship. Robinson Brog further observed that the United States Trustee did not object to the retention, and in fact, signed off on the proposed Order authorizing the Debtor to retain Robinson Brog.

12. However, the pre-petition executory agreement entered into by and between the Debtor and Goldwasser/GCRE was never disclosed to the Court. The fee arrangement that was negotiated by and between Goldwasser/GCRE and the Debtor, was likewise, never disclosed to

the Court. A copy of the pre-petition Goldwasser/GCRE agreement is annexed hereto as Exhibit "E." The Debtor avers that Robinson Brog's abject failure to advise the Court and others as to the pre-petition agreement is exactly the type of non-disclosure that both Judge Brozman and Judge Chapman referred to in their respective decisions. Judge Chapman's announcement in *In re CSG Group, Inc.,* that it is not the professional empowered to police the line between disclosure and non-disclosure, but rather that is the Court's role, serves as a stark reminder that the professional places himself at risk when he unilaterally determines what requires and what does not require complete disclosure.

13.     Clearly, a review of the pre-petition agreement by and between Goldwasser/GCRE which authorized Goldwasser/GCRE to receive fees and a bonus upon the sale of the Debtor's real property, placed him in an adverse position as to the bankruptcy estate. Thus, Robinson Brog found itself in the same conflicted position of serving two masters. Because of its relationship with Goldwasser/GCRE, the question that should have been addressed by Robinson Brog was not whether there were claims between the Debtor and other debtors in which Goldwasser was involved. It should have been what loyalty Robinson Brog had to Goldwasser/GCRE that could have interfered with its representation of the Debtor. Put another way, Robinson Brog may have been too concerned with a good outcome for Goldwasser and not a favorable outcome for the Debtor's estate. As Judge Brozman noted in *In re Leslie Fay Companies, Inc.,* 175 B.R. at 533, "[C]ourts have generally declined to formulate bright-line rules concerning the criteria for disqualification, favoring instead an approach which evaluates the facts and circumstances of the particular case." "Potential conflicts, no less than actual ones, can provide motives for attorneys to act in ways contrary to the best interests of their clients." *Id.*

14. Judge Brozman summed the analysis up by holding, "if it is **plausible** that the representation of another interest may cause the debtor's attorneys to act any differently than they would without that other representation, then they have a conflict of interest and an interest adverse to the estate." *Id.* (Emphasis added). That is precisely what happened in the instant case. Try as it may, Robinson Brog cannot simply ignore the fact that its relationship with Goldwasser/GCRE is a profit center for the firm. The firm did not just happen to represent the Debtor in this case. It was its relationship with Goldwasser that led directly to its retention. In another words, Goldwasser/GCRE was Robinson Brog's client, and that plausible representation of another interest caused the Debtor's attorneys to act differently that it would have without that other representation.

15. Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") demands that professionals seeking employment in a bankruptcy case submit a statement setting forth the professional's connections to the debtor, creditors and any other party in interest. *Collier's* explains that Bankruptcy Rule 2014's purpose is to provide the court (and the United States Trustee) with information necessary to determine whether the professional's employment meets the broad test of being in the best interest of the estate. To that end, a failure to disclose any fact which may influence the court's decision may result in a later determination that disclosure was inadequate, and sanctions should be imposed on the processional. The fact that disclosure was made elsewhere (e.g., in the debtor's schedules) is not likely to ameliorate a court's reaction to incomplete disclosure. "Rule 2014 disclosure requirements are to be strictly construed. *Rome v. Braunstein,* 19 F.3d at 59. "All facts that may have bearing on the disinterestedness of a professional must be disclosed. Consistent with the duty placed on the professional, it is the

responsibility of the professional, not of the court, to make sure that all relevant connections have been brought to light." *In re Leslie Fay Companies, Inc.,* 175 B.R. at 533.

16. Robinson Brog's inadequate disclosure of its relationship with Goldwasser/GCRE is precisely the type of "relevant connection" referred to in *In re Leslie Fay Companies, Inc.* The Court should not have had to guess at the nature of the relationship. Again, the Ringel Disclosure did set forth that Robinson Brog represented various debtors in which Goldwasser/GCRE served in some role. However, the next part of the relationship was simply omitted. That is that Goldwasser/GCRE received compensation in connection with the various debtor cases and that Robinson Brog was integral in arranging the relationships. Even assuming *arguendo* that the relationship between Goldwasser/GCRE and various debtors and Robinson Brog was completely innocent, Robinson Brog was obligated to disclose the complete nature of the relationship to this Court in order to satisfy the requirements of both section 327 of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules.

17. For these reasons, it was completely incumbent upon Robinson Brog to engage in full disclosure to this Court. If the Court had all of the necessary disclosures before it, the Court could have found that there was no conflict. However, lacking that information, it was impossible for the Court to make such a conclusion. Robinson Brog had significant ties to Goldwasser/GCRE and those ties are not as innocent as Robinson Brog would have this Court conclude. Robinson Brog had a financial incentive to ensure that Goldwasser/GCRE benefited from the bankruptcy case, perhaps to the detriment of the estate. Thus, it may have shirked its obligations to the estate in favor of Goldwasser/GCRE.

18. Judge Brozman quoted Judge Friendly in *In re Leslie Fay Companies, Inc.,* because it explains the essence of the bankruptcy process. In *In re Ira Haupt Co.,* 361 F.2d 164, 168 (2d

Cir. 1966). Judge Friendly held "the conduct of bankruptcy proceedings not only should be right but must seem right." It was for the Court, and not Robinson Brog to determine whether in fact a conflict existed. The "decision should not be left to counsel, whose judgment may be clouded by the benefits of potential employment." *Rome v. Braunstein,* 19 F.3d at 59 (citations omitted).

19. Moreover, the requirements set forth in Rule 2014 are "more-encompassing than those governing the disinterestedness inquiry under section 327. For while retention under section 327 is only limited by interests that are materially adverse, under Rule 2014 all connections that are not so remote as to be *de minimus* must be disclosed. Consequently, there is no merit to the . . . argument that [a party] did not have to disclose its connections. . . because its attorneys did not feel that a conflict existed." *In re Leslie Fay Companies, Inc.,* 175 B.R. at 536 *citing In re Rusty Jones, Inc.,* 134 B.R. 321, 345 (Bankr. N.D. Ill. 1991). Robinson Brog had no right to make a unilateral decision with regard to its disclosure.

20. If this Court concludes that Robinson Brog failed to make adequate disclosure as to its true relationship with Goldwasser/GCRE, the Court must conclude that the integrity of the process was compromised. Had Robinson Brog provided adequate disclosure this Court may well have concluded that there was no conflict which would have barred its retention. Instead, the Court was deprived of its role in making such determination. The Debtor maintains that the appropriate sanction is for the Court to disallow compensation in its entirety to Robinson Brog. Section 328 of the Bankruptcy Code authorizes this Court to deny compensation for services and reimbursement of expenses of a professional person retained pursuant to section 327 of the Bankruptcy Code, if, at any time during the employment, the professional person is not disinterested or holds an adverse interest to the interest of the estate with respect to the matter on which the professional person is employed. *See, e.g., In re Leslie Fay Companies,* 175 B.R. 525.

## **CONCLUSION**

21. This is an unfortunate set of facts and circumstances and one that could easily have been avoided had Robinson Brog simply made the appropriate and necessary disclosure to this Court regarding the true nature of its relationship with Goldwasser/GCRE. Any argument that the United States Trustee knew of the relationship, or even that the Debtor knew of the relationship does not obviate the need for true and full disclosure to the Court. Robinson Brog's unilateral decision to omit the full disclosure is fatal to its ability to be considered disinterested and thus, it must not be awarded compensation.

WHEREFORE, the Debtor respectfully requests that this Honorable Court enter an Order denying compensation and reimbursement of expenses to Robinson Brog together with such other and further relief this Courts determines is just and proper under the facts and circumstances.

Dated: Syosset, New York
       August 9, 2021

                              The Kantrow Law Group, PLLC
                              Attorneys for the Debtor

                BY:   S/Fred S. Kantrow
                          Fred S. Kantrow
                          6901 Jericho Turnpike, Suite 230
                          Syosset, New York 11791
                          516 703 3672
                          fkantrow@thekantrowlawgroup.com